IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SCOTT HARRIS KOBEL,**

        **Plaintiff,**

    **v.**                              **CASE NO. 13-3088-SAC**

**LANSING CORRECTIONAL**
**FACILITY, et al.,**

        **Defendants.**

### MEMORANDUM AND ORDER

This pro se civil complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Lansing Correctional Facility, Lansing, Kansas (LCF). Plaintiff's complaint is deficient in several ways. He has also filed a Motion to Proceed without Prepayment of Fees that is incomplete. He is given time to show cause why this action should not be dismissed due to the deficiencies discussed herein. If he fails to comply with the court's orders within the time allotted, this action may be dismissed without further notice.

### FILING FEE

The fee for filing a civil rights complaint is $400.00, which includes the statutory fee of $350.00 plus an administrative fee of $50.00; or, for one granted leave to proceed in forma pauperis, the fee is $350.00. Plaintiff has submitted an Application to Proceed

1

without Prepayment of Fees (Doc. 2). However, he does not provide the financial information in support that is required by federal law. 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff merely writes upon his application that he has no funds and "no access to record." These statements are not sufficient to show either that he is entitled to proceed without prepayment of fees or that he should be excused from the requirement to provide a certified statement. Plaintiff is given time to submit the requisite financial records for the appropriate time period. If he fails to satisfy the filing fee prerequisites within the time provided, this action may be dismissed without further notice.

Plaintiff is reminded that under § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve him of the obligation to pay the full amount of the filing fee. Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as funds

2

become available pursuant to 28 U.S.C. § 1915(b)(2).[1]

**ALLEGATIONS AND CLAIMS**

Plaintiff does not properly utilize the complaint forms to state his claims. He sets forth a jumbled list of complaints under "Nature of the Case," where he should have provided a mere summary. He does not clearly state under each of the three counts what constitutional rights he believes were violated. Instead, as all counts he baldly claims "Constitutional Rights #4 and #8" and lists: reckless endangerment/malicious intent to do bodily harm; cruel and unusual punishment physical/psychological; and willful negligence/callous indifference." He then generally refers back to his disorganized, myriad statements in Nature of the Case. Nor does he state supporting facts in the space after each count as directed. Instead, he generally claims that "all defendants" failed or refused to protect him and endangered him and refers back to Nature of the Case.

In the Nature of the Case, plaintiff sets forth a laundry list of numerous complaints that include the following. Upon his transfer to the LCF in February 2013 he requested protective custody (PC) due to two assault incidents during his prior confinement at the Hutchinson Correctional Facility. He explained that threats to

---

[1] Pursuant to § 1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's institution account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

3

his safety stemmed from his being accused of being a snitch and having HIV. He was told that there was no reason for him to remain in PC at the LCF. He was forced into general population without signing a waiver. After he was threatened and punched, he again requested PC. He was spit upon by another inmate. After these incidents, he was sent to ad seg where inmates had access to him due to "open-face bars." He objected and was threatened with disciplinary action. He was kicked in the side by another inmate in ad seg while in cuffs as they were led to the showers. He was harassed, taunted, and threatened by several inmates; and he reported the incidents but "custody staff" ignored him. He was in "A-1" from March 27 through April 9, 2013, and inmates spit in his cell on the way to yard, which he reported. He also requested to be moved back to "C-1-M.R.A.-P.C. status." Another inmate threw urine into his cell which struck him in the face. He reported it to A-1 unit manager Mrs. Young, and she moved the other inmate but not plaintiff. The same inmate incited others to throw bags of urine and feces in front of his cell. Another inmate kicked plaintiff's cell, screamed, and spit on plaintiff as he passed to and from the yard. Plaintiff spat back at him and received a conduct violation, while the other inmate did not. Mrs. Moore lied that spit got on her jacket and was forced to admit that she was 30 feet away. An "M.R.A. cage was placed on (his) cell and not removed after 72 hours per policy." "Staff" began to harass and discriminate against him because of Moore's lie and his HIV. His

4

pleas for help to "A-1 staff" were ignored while "officers piled reports" on him with no facts, video or reliable witnesses. Inmate statements made against him by those assaulting and harassing him were believed, even though they were falsified. "Staff" refused to view videos that would prove his reports of inmate assaults and "the negligence, harassment and the reckless endangerment" in C-1 and A-1 housing units at LCF. Plaintiff "eventually had to flood (his) cell and threaten officers" to get out of A-1 where he felt suicidal, homicidal and fearful. He was placed in a cell with objectionable conditions for thirty days without justification. He was housed next to the inmate that previously spit in his face, and they left to shower at the same time. When writing this complaint, plaintiff was in the infirmary undergoing "heavy antibiotic treatments" for infections that he believes were caused by unsanitary conditions and neglect of medical staff or "poisoning by staff."

In response to the question on administrative remedies in the form complaint, plaintiff does not follow directions to describe how he sought administrative relief on each of his complaints and the results. Instead, he baldly states that he has "filed form 9's and grievance(s) due to the corruption of the Lansing administration/staff they are attempting to cover it up."

Plaintiff seeks five million dollars "and any/all sanctions imposed upon responsible parties."

5

**SCREENING**

Because Mr. Kobel is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim upon which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

**STANDARDS**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

"The Eighth Amendment's prohibition on cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008)(citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Ramos v. Lamm*, 639 F.2d 559, 566 (10th Cir. 1980)). The Tenth Circuit Court of Appeals discussed the constitutional claim of failure to protect in *Benefield v. McDowall*, 241 F.3d 1267, 1270-71 (10th Cir. 2001) as follows:

> "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). . . . "A prison official's deliberate indifference to a substantial risk of serious harm to an

7

> inmate violates the Eighth Amendment." Id. at 828, 114 S.Ct. 1970. . . . A prison official who "knows of and disregards an excessive risk to inmate health or safety" is deliberately indifferent for these purposes. Id. Therefore, in order to establish a cognizable Eighth Amendment claim for failure to protect, a plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm," the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component. Id. at 834, 114 S.Ct. 1970; see also Northington, 102 F.3d at 1567.

In *Chavez v. Perry*, 142 Fed.Appx. 325, 332 (10th Cir. 2005)(unpublished) the Tenth Circuit noted that:

> The Supreme Court has stated on many occasions and in various prison contexts that negligent, inadvertent, or accidental nonfeasance will not support an Eighth Amendment claim. See, e.g., Farmer v. Brennan, 511 U.S. 825, 840, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *331 Wilson v. Seiter, 501 U.S. 294, 305, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986); Estelle v. Gamble, 429 U.S. 97, 105-06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

**DISCUSSION**

Mr. Kobel seeks to hold 47 employees at the LCF liable for millions of dollars in damages. However, he does not provide the full name of any of these defendants, and for 28 of them he provides no name at all. Nor does he provide other information to adequately describe the unnamed defendants, except perhaps the "LCF Warden." The Tenth Circuit recognizes "the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person

involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 125 (10th Cir. 1996); *Gose v. Board of County Com'rs of County of McKinley*, 778 F.Supp.2d 1191, 1205 (D.N.M. 2011). Plaintiff must provide adequate personal information for each designated defendant so that each may be served within the 120-day time limit set forth in Rule 4(m) of the Federal Rules of Civil Procedure.

Not only does plaintiff fail to adequately identify the numerous individuals he seeks to subject to liability, he also utterly fails to describe in the body of the complaint what each individual defendant did that amounted to a constitutional violation. He thus fails to show the personal participation of each and every defendant in allegedly unconstitutional acts, which is an essential element of a § 1983 claim for money damages.

Instead, plaintiff lists multiple instances in which he claims he was harassed, threatened, and spit upon by other inmates as well as one incident where he was kicked and another where he was punched; but without providing the date of each incident or sufficient descriptions of the underlying circumstances. He certainly does not satisfy the *Nasious* standard by explaining what each defendant did to him; when the defendant did it; how the defendant's action harmed him; and what specific legal right he believes the defendant violated.

As noted, plaintiff generally claims that all defendants

9

subjected him to cruel and unusual punishment and reckless endangerment in that they failed or refused to protect him. However, he does not allege sufficient facts to state a claim under the Eighth Amendment. His allegations that all defendants acted with willful negligence, callous indifference, and malicious intent to do bodily harm are completely conclusory. Moreover, the sparse facts he does allege are insufficient. He alleges that he initially requested protective custody at the LCF based upon two assault incidents as well as his having HIV and been labeled a snitch. However, he provides no information regarding the two assault incidents, which occurred at a different institution. Furthermore, plaintiff does not name or adequately describe the LCF employee that actually denied his initial request for protective custody, and he alleges no facts showing that this denial violated his constitutional rights. Most of the events that allegedly occurred since his arrival at the LCF appear to have been minor incidents involving other inmates. Nevertheless, Mr. Kobel was eventually placed in protective custody and ad seg, and even in those protective environments he complains of harassment by other inmates. While prison officials have a constitutional duty to protect an inmate from substantial risk of serious harm, harassment and threats are generally not thought of as amounting to that type of risk. In short, plaintiff does not allege facts sufficient to establish that he was at substantial risk of serious harm in the LCF and that each defendant knew of and

disregarded an excessive risk to his health or safety.

Plaintiff is given time to show cause why this action should not be dismissed for the all the foregoing reasons. If he fails to show good cause within the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE BY THE COURT ORDERED** that that plaintiff is given thirty (30) days in which to either pay the filing fee of $400.00 in full or provide the financial information that is required by federal law to support his motion to proceed without prepayment of fees.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff is required to show cause why this action should not be dismissed for the reasons discussed herein including failure to state facts to support a federal constitutional claim.

**IT IS SO ORDERED.**

Dated this 25th day of June, 2013, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge